# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOHN AND PATRICIA KAZANJIAN**<br>Plaintiffs, | § § § | |
| v. | § § § | |
| **STATE FARM LLOYDS**<br>Defendant. | § § § | **CASE NO. 3:-22-cv-00071** |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant **STATE FARM LLOYDS** files this Notice of Removal.

### PROCEDURAL BACKGROUND

1. This lawsuit concerns the alleged mishandling of an insurance claim under Policy No. 84-TS-0714-1, issued to John J. & Patricia Kazanjian by State Farm Lloyds. Plaintiffs JOHN and PATRICIA KAZANJIAN filed this action on January 27, 2022, against State Farm Lloyds ("State Farm"), in the 34th Judicial District Court of El Paso County, Texas. The case was docketed under cause number 2022DCV0292 (the "State Court Action").

2. State Farm filed its Original Answer on February 25, 2022.

3. State Farm Lloyds timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 34th Judicial District Court of El Paso, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

### NATURE OF THE SUIT

4. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiffs' insurance claim. Plaintiffs' claims are for damages allegedly sustained to their residential property as the result of wind and hailstorm damage on or about July

11, 2021. *See* Plaintiffs' Original Petition at ¶ 10.

5. Plaintiffs' Original Petition asserts causes of action against Defendant State Farm Lloyds for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the common law duty of good faith and fair dealing, and common law fraud. *See* Plaintiffs' Original Petition at ¶¶ 29-57. Plaintiffs seek damages including but not limited to actual damages, consequential damages, treble damages, exemplary damages, emotional distress damages, statutory interest, attorney's fees and court costs. *Id.* at ¶¶ 58-68.

## BASIS FOR REMOVAL

6. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiffs and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

7. At the time the State Court Action was commenced, Plaintiffs were and still are residents and citizens of Texas. *See* Plaintiffs' Original Petition at ¶ 2.

8. Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois and Colorado. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois and Colorado, thereby making State Farm Lloyds a citizen of Illinois and Colorado for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

9. Because Plaintiffs are citizens of Texas and the only Defendant is a citizen of Illinois and Colorado, there is complete diversity of citizenship.

## *Amount in Controversy*

10. In their Original Petition, Plaintiffs expressly seeks "monetary relief over $100,000.00, but less than $500,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." *See* Plaintiffs' Original Petition at ¶ 4.

11. Because Plaintiffs seek more than $75,000.00 on the face of the petition, the amount in controversy requirement is met.

12. Further, as Texas law does not permit a Plaintiff to plead for a specific amount but rather requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damage, a Texas plaintiff who wishes to avoid removal by limiting their recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with his original state petition." *Martinez v. Liberty Ins. Corp.*, No. H-19-3956, 2019 U.S. Dist. LEXIS 217051, at *3 (S.D. Tex. 2019).

13. Plaintiffs did not file a binding stipulation or affidavit with their petition. The unverified statement in Plaintiffs' petition would be insufficient to legally bind Plaintiffs to $75,000 or less in damages, even if they so alleged (which they did not). *See, e.g.*, *Razo v. State Farm Lloyds*, No. 7:17-CV-00352, 2017 U.S. Dist. LEXIS 226516, at *4 (S.D. Tex. 2017) ("The document was not signed by Plaintiffs themselves, nor was it signed by Defendant, and thus cannot constitute a binding stipulation."); *Gates v. Allstate Tex. Lloyd's*, 267 F. Supp. 3d 861, 870 (W.D. Tex. 2016) ("Because the allegations of [plaintiffs'] petition are only binding judicial admissions so long as they are not amended or superseded, they are not sufficient to constitute the kind of 'binding stipulation or affidavit' necessary to preclude removal.").

14. Plaintiffs' statement concerning the amount in controversy already establishes they seek more than $75,000 in damages, but to the extent Courts within the Fifth Circuit "routinely consider pre-suit demand letters when evaluating amount in controversy," State Farm contends Plaintiffs pre-suit

demand of $58,980.78 is sufficient to permit removal of this case. *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

15. In a letter dated October 8, 2021, Plaintiffs assert damages totaling $57,980.78 in contract damages and attorney's fees of $1,000.00 to date, for a total of $58,980.78.[1]

16. As Plaintiffs seek treble damages, even after application of the deductible $4,474.00, Plaintiffs damages exceed $150,000.00. Further, Plaintiffs seek exemplary damages, which could lead to a recovery well in excess of $75,000.00.

17. Thus, the amount in controversy exceeds $75,000.00 and the amount in controversy requirement is met.

## REMOVAL IS PROCEDURALLY CORRECT

18. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm Lloyds was served with process on February 2, 2022.

19. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

20. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A – 1D).

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the 34th Judicial District Court of El Paso County, Texas.

---

[1] Plaintiffs also stated their post suit demand would be $176,942.34.

**PRAYER**

Defendant State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

>Respectfully submitted,
>
>/s/ *Elizabeth Sandoval Cantu*
>Elizabeth Sandoval Cantu
>Fed. ID No. 310028/State Bar No. 24013455
>ecantu@ramonworthington.com
>**RAMÓN WORTHINGTON**
>**NICOLAS & CANTU, PLLC**
>1506 South Lone Star Way, Suite 5
>Edinburg, Texas 78539
>Phone: (956) 294-4800
>Facsimile: (956) 928-9564
>
>Electronic Service to:
>efile@ramonworthington.com
>**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**

Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax

**Electronic Service to:**
**efile@ramonworthington.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2022 a true and correct copy of the foregoing document was served via e-FileTexas.gov to the following:

Shaun W. Hodge
Katherine C. Hairfield
Racchel Cabrera
The Hodge Law Firm, PLLC
The Heritage Runge House
1301 Market Street
Galveston, Texas 77550
T: 409-762-5000
F: 409-763-2300
shodge@hodgefirm.com
khairfield@hodgefirm.com
rcabrera@hodgefirm.com
**ATTORNEYS FOR PLAINTIFFS**

                                                         */s/ Elizabeth Sandoval Cantu*
                                                         Elizabeth Sandoval Cantu